12145

STATE v. SYST

(136 S. E., 392)

1. BURGLARY—LARCENY—EVIDENCE IN PROSECUTION FOR HOUSEBREAKING AND LARCENY HELD FOR JURY.—Evidence in prosecution for housebreaking and larceny *held* sufficient for jury.

2. CRIMINAL LAW—EVIDENCE OF CODEFENDANT'S CONFESSION, ALTHOUGH IMPLICATING DEFENDANT, HELD ADMISSABLE UNDER PROPER INSTRUCTIONS.—Evidence of codefendant's confession, although implicating defendant, *held* properly admitted under proper instructions that it should be disregarded as against defendant.

3. CRIMINAL LAW—PERMITTING WITNESS TO STATE STOLEN PROPERTY CAME FROM HIS STORE HELD NOT PREJUDICIAL ERROR UNDER CIRCUMSTANCES.—In prosecution for housebreaking and larceny, questioning witness relative to any doubt as to whether certain property came out of his store *held* not to constitute prejudical error, in view of fact that goods were positively identified, and facts were given on which opinion was based.

Before GRIMBALL, J., Greenwood, March, 1926. Affirmed.

Press Syst and others were indicted for housebreaking and larceny, and upon conviction the defendant Syst appeals.

*Mr. W. B. Knight,* for appellant.

*Mr. H. S. Blackwell, Solicitor,* for the State.

January 26, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The defendant was indicted and tried jointly with Holzclaw and Anderson for housebreaking and larceny, and was convicted.

The facts out of which the accusation arose are as follows: Dukes and Free owned and operated a filling station on the outskirts of Greenwood, where they also sold some groceries. On the night of January 3, 1916, the store was broken into and various articles of merchandise were stolen.

When the theft was discovered, officers were notified, and the officers found some empty boxes and cans in two vacant houses in Greenwood. The trial led to the arrest of the defendants, and the defendant Holzclaw implicated Syst. When arrested and searched, some plug tobacco, cigars, and keys were found on Syst's person.

The defendants were tried, and, at the close of the evidence for the State, the defendant Syst moved for a directed verdict of not guilty, which was refused, and he appeals from this refusal and also from the admission of certain testimony over objection.

His Honor was correct in refusing the motion for a directed verdict as to the defendant Syst. The circumstances against him were as follows: He was found in possession of goods of the character stolen. He was seen to throw away an empty candy box which was identified as one of the boxes taken from the store. He was seen in company with the defendant Anderson at one of the vacant houses where the empty boxes were found. The defendant. Anderson left the defendant Syst standing in the door of the vacant house and tried to borrow a can opener from one of the witnesses. The above was ample .evidence to carry the question of his guilt to the jury.

2. His Honor was correct in admitting evidence of Holzclaw's confession, even though it implicated Syst, for it was evidence against Holzclaw, and was admissible, provided proper instructions were given the jury to disregard it as against Syst, which it is admitted was done.

3. The following question was asked the witness Free.

"Q. Any doubt in your mind that that box of cigars came out of your store? A. None at all."

Error is alleged in admitting this opinion. Since the goods were positively identified, and since the witness had

given the facts upon which he based this opinion, viz., the situation and manner of cancellation of the stamps on the box, there could be no prejudicial error in admitting this testimony.

It is the judgment of the Court that the judgment of the circuit Court be affirmed.

Mr. Chief Justice Watts and Messrs. Justices Blease and Stabler and Mr. Acting Associate Justice R. O. Purdy concur.